129 F.3d 1267
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Mustafaa A. RASHEED-EL MALIK, Petitioner-Appellant,
v.
Daniel R. McBRIDE, Respondent-Appellee.
 No. 97-1435.
 United States Court of Appeals, Seventh Circuit.
 Submitted November 20, 1997
Decided Nov. 21, 1997.[1]
 
 Appeal from the United States District Court for the Northern District ofIndiana, South Bend Division, No. 3:96-CV-096-788 AS; Allen Sharp, Judge.
 Before POSNER, BAUER, and EVANS, Circuit Judges.
 
 ORDER
 
 1
 On October 23, 1996, Mustafaa A. Rasheed-El Malik, an Indiana prisoner, filed a petition for writ of habeas corpus, 28 U.S.C. § 2254, which the district court denied. The district court subsequently granted a certificate of appealability on the issue of whether the state court violated petitioner's right to a fair trial in refusing to instruct the jury on the theory of accomplice liability.
 
 
 2
 Petitioner is serving an eight-year sentence for robbery. The conviction was affirmed by the state appellate court, Rasheed-El Malik v. State, No. 46A03-9410-CR-00378 (Ind. Ct.App. April 6, 1995), and the Supreme Court of Indiana denied transfer. This is petitioner's first federal habeas corpus petition. The petition raised only the issue of insufficiency of the evidence to support the conviction and the related denial of his motion for a directed verdict, but in his traverse, petitioner expanded the issue by challenging the omission of an accomplice liability jury instruction.
 
 
 3
 Initially we note that this court will address the merits of only the issue upon which the certificate of appealability was granted. 28 U.S.C. § 2253(a), (c). Thus, in regard to the claim that the evidence was insufficient to support the conviction, our review is limited to determination as to whether a certificate of appealability should be granted. After a thorough review of the record and briefs, we agree with the district court that no certificate of appealability should issue on the sufficiency of evidence claim, since petitioner failed to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Fed. R.App. P. 22(b).
 
 
 4
 We move on to the issue certified for appeal: "Whether the state trial court's instructions to the jury were erroneous, thus violating the petitioner's right to a fair trial under the Fourteenth Amendment to the United States Constitution." Petitioner argues that the state trial court denied him a fair trial by refusing the state's proffered jury instructions on the theory of accomplice liability.
 
 
 5
 Respondent argues that the claim was not fairly presented as a federal constitutional claim in the state court direct criminal appeal. We agree, based on the fact that the state appellate court brief does not cite federal case law or the federal constitution. See Verdin v. 0'Leary, 972 F.2d 1467, 1473-74 (7th Cir.1992). A vague reference to "due process" is not sufficient to put the state court on notice of a federal constitutional issue. Verdin, at 1475. Petitioner has not attempted to show cause or prejudice for the failure to fairly present the issue. Although he argues that the state appellate court misconstrued his argument, this does not explain his failure to raise a constitutional argument in the state courts.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)